Micklus v. Ethicon Inc.

*John J. Zetlemoyer Jr.,* for plaintiff.
*Nancy Harris Marvel,* for defendant.

JOHNSON, *J.,* February 20, 2007—

## INTRODUCTION

Before the court for consideration is the plaintiff's motion to vacate the court's order granting summary judgment. The court heard argument on this matter on January 24, 2007.

## DISCUSSION

### A. *Strict Liability*

At argument, the plaintiff withdrew the strict liability claim contained in her complaint. Therefore, the only claim remaining at issue is negligence.

### B. *Procedural Issue*

Plaintiff Kathleen Micklus failed to respond to defendant Ethicon Inc.'s motion for summary judgment. Under Lehigh County Rule of Civil Procedure 1035.2(a)(2), if a party opposing a motion for summary judgment does not file a response, the court may treat the motion as uncontested.

Therefore, on procedural grounds alone, the order granting the defendant's motion for summary judgment was properly granted and the plaintiff's motion to vacate is denied.

### C. *Substantive Issue*

The court's grant of the motion for summary judgment on substantive grounds also was appropriate.

As the court stated in its order granting the defendant's motion for summary judgment, "the Panacryl™ sutures performed as labeled, as the potential risks were stated in the package insert." September 11, 2006 order, J. Brian Johnson, Judge. More specifically, under Pennsylvania law, where a medical device is available solely through a prescribing physician, the only warnings required are to the prescribing doctor and not the general public. *Parkinson v. Guidant Corp.,* 315 F. Supp.2d 741, 748-49 (W.D. Pa. 2004); *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984). Sometimes referred to as the Learned Intermediary Doctrine, this principle of law protects a defendant from liability when it has disclosed the risks to the prescribing physician in the package insert.

In the instant matter, the package insert for the subject Panacryl™ sutures explained that the sutures essentially are absorbed over one and one-half and two and one-half years. The package insert explained further that, as an absorbable suture, Panacryl™ sutures may act as foreign bodies. No outstanding discovery or documents would have changed that fact. Indeed, the deposition of the plaintiff's surgeon, Dr. Chowdary, already had been taken and he indicated that he understood that suture granulomas can be foreign body reactions that are a risk with any absorbable suture.

The court finds that the Learned Intermediary Doctrine applies to the facts of this case; that the warnings provided in the Panacryl™ sutures package insert were appropriate; and that the negligence claim against the defendant was properly dismissed. Therefore, for the reasons stated above, the plaintiff's motion to vacate is denied.

## ORDER

And now, February 22, 2007, upon consideration of the plaintiff's motion to vacate the court's order granting summary judgment filed on September 21, 2006, and the defendant's response thereto and after argument thereon, it is hereby ordered, for the reasons set forth in the accompanying memorandum opinion, that the motion is denied.